**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| WILLIAM SPISSINGER, ) | |
| ) | No. 5:12-cv-03454-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting* ) | |
| *Commissioner of Social Security*,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on Magistrate Judge Kaymani D. West's Report and Recommendation ("R&R") that this court affirm Acting Commissioner of Social Security Carolyn Colvin's decision denying plaintiff's application for disability insurance benefits ("DIB"). Plaintiff filed objections to the R&R. For the reasons set forth below, the court rejects the R&R, reverses the Commissioner's decision, and remands for further administrative proceedings.

## I. BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A. Procedural History

Plaintiff William Spissinger ("Spissinger") filed an application for DIB on January 19, 2010, alleging disability beginning on November 2, 2009. The Social Security Agency denied Spissinger's claim initially and on reconsideration. Spissinger requested a hearing before an administrative law judge ("ALJ"), and ALJ Ronald S.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this lawsuit.

1

Robins held a hearing on May 19, 2011. The ALJ issued a decision on June 27, 2011, finding Spissinger not disabled under the Social Security Act. Spissinger requested Appeals Council review of the ALJ's decision. The Appeals Council declined to review the decision, rendering the ALJ's decision the final action of the Commissioner.

On December 6, 2012, Spissinger filed this action seeking review of the ALJ's decision. The magistrate judge issued an R&R on July 9, 2014, recommending that this court affirm the ALJ's decision. Spissinger filed objections to the R&R on July 16, 2014, and the Commissioner responded to Spissinger's objections on July 28, 2014. The matter is now ripe for the court's review.

### B.     Medical History

Because Spissinger's medical history is not relevant to the disposition of this case, the court dispenses with a lengthy recitation thereof and instead only notes a few relevant facts. Spissinger was born on June 20, 1959 and was 49 years old on the alleged onset date. He has a high school education and past relevant work experience as a corrections officer captain and a security guard.

### C.     ALJ's Decision

The ALJ employed the statutorily-required five-step sequential evaluation process to determine whether Spissinger was disabled from November 2, 2009 through June 27, 2011. The ALJ first determined that Spissinger had not engaged in substantial gainful activity during the relevant time period. Tr. 24. At the second step, the ALJ found that Spissinger suffered from the following severe impairments: degenerative disc disease, lumbar and cervical; chronic back pain; and pain disorder. Id. At step three, the ALJ determined that Spissinger's impairment or combination of impairments did not meet or

equal one of the listed impairments in the Agency's Listing of Impairments.  Tr. 28; see 20 C.F.R. Part 404, Subpt. P, App'x 1.  Before reaching the fourth step, the ALJ determined that Spissinger had the residual functional capacity ("RFC") to perform light work, as defined by 20 C.F.R. § 404.1567(b), with several limitations.  Id.  Specifically, the ALJ determined that Spissinger had unlimited pushing and pulling capabilities; could occasionally climb, balance, crouch, crawl, kneel, and stoop; must avoid concentrated exposure to vibrations and hazards such as moving machinery and unprotected heights; and may not stand or walk for more than two hours total in an eight-hour workday or sit for more than six hours in an eight-hour workday.  Tr. 28-29.  The ALJ found, at step four, that Spissinger was unable to perform any past relevant work.  Tr. 31.  Finally, at the fifth step, the ALJ found that considering Spissinger's age, education, work experience, and RFC, he could perform jobs existing in significant numbers in the national economy, and therefore concluded that he was not disabled during the period at issue.  Tr. 31-32.

## II.   STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made.  28 U.S.C. § 636(b)(1).  A party's failure to object is accepted as agreement with the conclusions of the magistrate judge.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court.  Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted).

### III.   DISCUSSION

Spissinger objects to the R&R on five grounds, arguing the magistrate judge erred in: (1) finding that the ALJ properly gave little weight to his treating physician; (2) finding that the ALJ properly determined that his mental impairments were non-severe; (3) finding that the ALJ properly evaluated his credibility; (4) determining that remand is not required to give further consideration to his obesity; and (5) finding that the ALJ properly relied on vocational expert testimony. Because the court finds that Spissinger's objection regarding credibility is grounds for remand, it does not consider the remaining objections.

Determining whether an individual is disabled by pain or other symptoms is a two-step process. First, an ALJ must determine whether a claimant has an underlying impairment that has been established by objective medical evidence that would

4

reasonably be expected to cause subjective complaints of the severity and persistence alleged.  See 20 C.F.R. §§ 404.1529(b), 416.929(b); SSR 96–7p; Craig, 76 F.3d 585, 591-96 (4th Cir. 1996) (discussing the regulation-based two-part test for evaluating pain).  The first part of the test "does not . . . entail a determination of the intensity, persistence, or functionally limiting effect of the claimant's asserted pain."  Craig, 76 F.3d at 594 (internal quotation omitted).

Second, and only after claimant has satisfied the threshold inquiry, the ALJ is to evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work."  Id. at 595.  This second step requires the ALJ to consider the record as a whole, including both objective and subjective evidence, and a claimant's "statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence."  SSR 96-7p.  "Assessment of the credibility of an individual's statements about pain or other symptoms and about the effect the symptoms have on his or her ability to function must be based on a consideration of all of the evidence in the case record," including a claimant's "prior work record."  Id. (emphasis added); see also 20 C.F.R. § 404.1529 ("[The SSA] will consider all of the evidence presented, including information about your prior work record," in evaluating the intensity and persistence of claimant's symptoms.).

In this case, the ALJ found that Spissinger's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the above [RFC] assessment."  Tr. 30.  However, in assessing

Spissinger's credibility, the ALJ failed to mention his prior work record.  See Tr. 138 (earnings records showing steady income for 22 years leading up to disability claim). Because SSR 96-7p and 20 C.F.R. § 404.1529 require the ALJ to at least consider a good work record in her credibility determination, the case must be remanded to the Commissioner for further administrative proceedings.  See Gregorie v. Colvin, No. 6:12-cv-3275, 2014 WL 3909175 (D.S.C. Aug. 11, 2014) (remanding case because ALJ failed to mention plaintiff's work history when evaluating her credibility); Osgood v. Astrue, No. 2:08-cv-3386, 2010 WL 737839 (D.S.C. Mar. 2, 2010) (same).

When reviewing the case on remand, the ALJ should consider Spissinger's other allegations of error.

## IV.   CONCLUSION

Based on the foregoing, the court **REJECTS** the magistrate judge's R&R, **REVERSES** the Commissioner's decision, and **REMANDS** the case for further administrative proceedings.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**September 29, 2014**
**Charleston, South Carolina**

6